## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CCPS TRANSPORTATION, LLC, and ) <br> ENBRIDGE PIPELINES (FSP), LLC, ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> BYRON SLOAN and TERRY SLOAN, ) <br> ) <br> ) <br> **Defendants.** ) <br> ) | **Case No. 12-2602-CM** |

## MEMORANDUM AND ORDER

This case is about plaintiffs wanting to build a pipeline on defendants' land. But at the present moment, tangential issues are distracting the parties. These tangential issues come before the court in the form of two motions: Plaintiffs' Motion for Judgment on Counterclaim Pleadings (Doc. 28) and defendants' Motion for Summary Judgment on Count V of Defendants' Counterclaims (Doc. 32). Both motions arise out of the admittedly-erroneous reference to defendants' property located at 12011 Pawnee Lane, Leawood, Kansas 66205. The reference to the property on Pawnee Lane appears in the original complaint and an exhibit to the original complaint. Plaintiffs have since filed a first amended complaint omitting the reference to the Pawnee Lane property, but neglected to change the exhibit attached to the first amended complaint. Plaintiffs later moved to correct the exhibit. Defendants objected, but Magistrate Judge Gary Sebelius granted the motion over defendants' objection (Doc. 47).

Remaining in the record are two documents that have been superseded by other documents. Both of these superseded documents erroneously refer to the property at 12011 Pawnee Lane (instead

of the actual property at issue in this case). Based on these references, defendants filed the following counterclaims:

- Slander of Title – Original Complaint in Case No. 12-cv-2602 (Count I);

- Slander of Title – Declaration of Ronald G. Fuchs Attached to Original Complaint (Count II);

- Slander of Title First Amended Complaint (Count III);

- Slander of Title – Declaration of Ronald G. Fuchs Attached to First Amended Complaint (Count IV); and

- Quiet Title (Count V).

Plaintiffs moved for judgment on the pleadings with respect to all of the counterclaims. Defendants moved for judgment on Count V.

Plaintiffs contend that they are entitled to judgment on the first four counterclaims because statements made during litigation cannot form the basis for a cause of action. *See Froelich v. Adair*, 516 P.2d 993, 997 (Kan. 1973) ("Judicial proceedings are absolutely privileged communications, and statements in the court of litigation otherwise constituting an action for slander, libel, or one of the invasion of privacy torts involving publication, are immune from such actions."). Statements made in a pleading or motion receive absolute privilege, even if wilfully false. *Davis v. Union State Bank*, 20 P.2d 508, 510 (Kan. 1933).

Defendants contend that absolute privilege does not apply here because plaintiffs' statements about 12011 Pawnee Lane are not "material and pertinent" to the case. In support, defendants cite *Bugg v. Northwestern National Insurance Co. of Milwaukee, Wis.*, 220 P. 258 (1923), which— according to defendants—stated the absolute privilege rule as: "Where in an allegation of a pleading, a statement by a party or his attorney, or a statement by a witness, is material or pertinent to the case

such allegation or statement is absolutely privileged." 220 P. at 258. Defendants misstate *Bugg*. While this quotation is, in fact, found in the case, the court is merely quoting a statement in the *Bugg* plaintiff's brief—not making its own statement of the law. Nevertheless, defendants' misstatement is harmless and likely unintended. Although *Bugg* was only citing a statement in the plaintiff's brief, the statement represents an accurate summary of the law.

Defendants, however, read the law of absolute privilege too narrowly. The privilege extends to "'anything published in relation to a matter at issue in court . . . .'" *Clear Water Truck Co. v. Bruenger & Co.*, 519 P.2d 682, 686 (Kan. 1974) (quoting *Froelich*, 516 P.2d at 997 (citing *Weil v. Lynds*, 185 P. 51 (Kan. 1919))). The terminology "anything published in relation to a matter at issue in court" is broad and encompasses erroneous references to locations. And while 12011 Pawnee Lane itself may ultimately not be material and pertinent to the case, the broader allegation concerning the location of the easement is, in fact, central to this case. The fact that plaintiffs originally identified the wrong address does not lessen the importance of the location of the easement. The doctrine of absolute privilege applies here to shield plaintiffs from liability on defendants' slander of title counterclaims, and the court grants judgment in their favor on these four counterclaims.

The court notes that on December 24, 2012—two days before plaintiffs' reply brief deadline—defendants filed a document titled "Supplement to Defendants' Response to Plaintiffs' Motion for Judgment on the Pleadings" (Doc. 34). Defendants neither sought leave to file the document nor explained its necessity. They simply filed the supplemental brief, adding argument and legal authority to bolster their position. This tactic is not permitted and the brief is hereby stricken from the record.

Plaintiffs also seek judgment on defendants' counterclaim for quiet title. Kan. Stat. Ann. § 60-1002 provides:

> (a) Right of action. An action may be brought by any person claiming title or interest in personal or real property, including oil and gas leases, mineral or royalty interests,

against any person who claims an estate or interest therein adverse to him or her, for the
purpose of determining such adverse claim.

Defendants, however, contend that they are the parties entitled to judgment on this claim.

The deficiency in defendants' counterclaim lies in the plain language of the statute. The statute
provides that a person who claims an interest in real property may bring suit against "any person who
claims an . . . interest therein adverse to him or her . . . ." *Id.* Here, although plaintiffs originally
identified 12011 Pawnee Lane as the property that was the subject of the complaint, they have since
withdrawn that position. In other words, plaintiffs are not claiming an interest adverse to defendants'
interest. This distinction defeats defendants' counterclaim. Plaintiffs amended their complaint to
remove the reference to 12011 Pawnee Lane and substituted an exhibit to remove the reference.
Regardless of whether the original documents remain in the record, they now are superseded by other
documents. *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (noting that
amendment of a complaint "renders the original complaint of no legal effect") (citations omitted).
Plaintiffs are not claiming an interest adverse to defendants with respect to 12011 Pawnee Lane, and
therefore no action lies under the quiet title statute. Plaintiffs are entitled to judgment on this claim
and defendants are not.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Judgment on Counterclaim
Pleadings (Doc. 28) is granted.

**IT IS FURTHER ORDERED** that defendants' Motion for Summary Judgment on Count V of
Defendants' Counterclaims (Doc. 32) is denied.

Dated this 7th  day of February, 2013, at Kansas City, Kansas.

s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**