**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CCPS TRANSPORTATION, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-2602-CM |
| | ) | |
| BYRON SLOAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Byron Sloan and Terry Sloan's (collectively "the Sloans") Motion to Compel (ECF No. 37). For the reasons set forth below, the Sloans' Motion to Compel is hereby granted in part and denied in part.

## I. Procedural Conference Requirement

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to compel. When a motion to compel is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." [1] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[2] The Sloans state that a conference was held with Plaintiffs CCPS Transportation, LLC and Enbridge Pipelines (FSP), LLC's (collectively "Enbridge") attorneys regarding the adequacy of Enbridge's responses to the Sloans' discovery requests. At that conference the parties were

[1] Fed. R. Civ. P. 37(a)(1).

[2] D. Kan. Rule 37.2.

able to resolve some of the issues but not all. Based on this information, the Court finds that the Sloans have satisfied the procedural conference requirement.

## II. Background

Enbridge brings this lawsuit against the Sloans based on an alleged breach of an easement purportedly located on the Sloans' property in Allen County, Kansas. Subsequent to Enbridge initiating this lawsuit, the Sloans filed counterclaims against Enbridge for slander of title and quiet title based on errors in Enbridge's pleadings which stated that the disputed pipeline easement was located on the Sloans' property in Johnson County, Kansas. The court has subsequently ordered judgment on the counterclaims in favor of Enbridge.

On November 8, 2012, the Sloans served their First Set of Interrogatories and Requests for Production on Enbridge. Enbridge responded in part and objected in part to the Sloans' discovery requests. The Sloans' subsequently filed this Motion to Compel seeking responses to Interrogatory Nos. 1 through 10 and Request for Production of Documents Nos. 2 through 6. The Sloans' Motion also seeks to compel Enbridge to provide a signed and sworn verification page to Enbridge's interrogatory answers as set forth in Fed. R. Civ. P. 33. Enbridge, has subsequently provided the Sloans with the requested verification and, therefore, the Court finds this issue to be moot.

## III. Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must

specifically show how each discovery request is objectionable.[3] Objections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned.[4] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel will be deemed waived.[5] If, however, the discovery requests appear facially objectionable, in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[6] With this standard in mind, the Court turns to the discovery requests in dispute.

**1. Interrogatory Nos. 1, 2, 3, 4, and 7**

The Sloans claim that "Interrogatories 1, 2, 3, 4, and 7 are designed to identify the unidentified scrivener, the person who authorized the lawsuit for the Plaintiffs and whether or not the Plaintiffs blame anyone other than themselves for the allegations made in the original Complaint and First Amended Complaint."[7] In addition, the Sloans state that these questions are calculated to discover additional parties who may be responsible for the scrivener's error and should be added to this litigation. In light of the court's previous ruling, these interrogatories are either moot or seek irrelevant information due to the doctrine of absolute privilege for statements made in a pleading. Accordingly, the Court hereby denies the Sloans' Motion to Compel Interrogatory Nos. 1, 2, 3, 4, and 7.

---

[3] *Sonnino v. Univ. of Kan. Hosp. Auth*., 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[4] *Cardenas v. Dorel Juvenile Grp., Inc*., 230 F.R.D. 611, 615 (D. Kan. 2005).

[5] *Cardenas*, 230 F.R.D. at 621.

[6] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc*., 197 F.R.D. 442, 445 (D. Kan. 2000)).

[7] Defs.' Mot. to Compel at 3, ECF No. 37.

**2. Interrogatory No. 5**

Interrogatory No. 5 seeks to identify all persons who received a letter, or similar letter, dated August 30, 2012, from Enbridge regarding construction of a new pipeline. Enbridge initially objected to Interrogatory No. 5 for being irrelevant, unduly burdensome, and overly broad. Enbridge's response to this Motion to Compel, however, does not support their unduly burdensome or overbreadth objection. The Court therefore finds these objections to be abandoned by Enbridge.

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Relevant information does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[8] Relevancy is broadly construed at the discovery stage and any "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[9] Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries."[10] A discovery request "should be allowed 'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."[11] Additionally, "[t]here is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[12]

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[10] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1977) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).

[11] *Sheldon*, 204 F.R.D. at 689-90 (emphasis in original) (citations omitted).

[12] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09–2656–KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

Relevance is often apparent on the face of the request.[13] When discovery appears relevant on its face, the opponent to the discovery request must "establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure."[14] On the other hand, when relevancy is not apparent on the face of the request, the "proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the case."[15]

The Court finds Interrogatory No. 5 is not relevant on its face and, therefore, the Sloans must initially show its relevance. The Sloans argue that Interrogatory No. 5 is relevant because it pertains to an issue of malice with regards to their counterclaims.[16] The court, however, has previously entered judgment on the Sloans' counterclaims and, therefore, this argument no longer shows No. 5 is relevant. The Sloans also state that No. 5 is relevant in determining the equitable remedies in this case. The Sloans, however, do not show how identifying all persons who received a certain letter regarding the construction of the new pipeline is relevant to any available equitable remedy. In addition, the Sloans to do not even show what equitable remedies they seek to pursue. The Court finds that the Sloans have not met their initial burden showing the

---

[13] *Id*. at *7 (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[14] *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 (citing *Scott*, 190 F.R.D. at 585).

[15] *Presbyterian Manors, Inc.*, 2010 WL 3880027, at *7.

[16] Defs.' Reply to Mot. to Compel at 4, ECF No. 46. The Sloans explain that the issue of malice pertains to Enbridge's allegations regarding the Sloans' house in Johnson County, Kansas:

> The Plaintiffs continue to attempt to confuse our claims of malice pertaining to the allegations made about our house in Johnson County by interweaving arguments concerning what actions we took in regard to our farm in Allen County. The fact that the Defendants do not believe that the Plaintiffs currently possess the right to construct additional pipelines on our farm in Allen County, Kansas does not mean that the Plaintiffs were free to act maliciously toward the Defendants in regard to the Defendants home in Johnson County, Kansas.

*Id.*

relevancy of No. 5. Enbridge's relevancy objection is sustained and the Sloans' Motion to Compel Interrogatory No. 5 is denied.

**3. Interrogatory Nos. 6 and 8**

Interrogatory No. 6 seeks the identity of all persons who have not provided survey access to Enbridge as of October 9, 2012. Interrogatory No. 8 seeks the total number of tracks of land in Kansas that the proposed Flanagan South Pipeline will cross or, in the alternative, to list the landowners who Enbridge has sought or received survey access for the proposed pipeline. Enbridge initially objected to Interrogatory Nos. 6 and 8 for being irrelevant, unduly burdensome, and overbroad. Enbridge's response to this Motion to Compel, however, only supports its overbreadth and irrelevancy objections. Accordingly, the Court finds Enbridge has abandoned its unduly burdensome objection.

A party objecting to discovery on the basis of overbreadth "must support its objection, unless the request appears overly broad on its face."[17] When supporting its objection, a party cannot solely rely on conclusory or boilerplate statements.[18] Here, the Court finds that Interrogatory Nos. 6 and 8 are not overly broad on their face and, therefore, the burden is on Enbridge to support its overbreadth objection. Enbridge merely argues that Interrogatory Nos. 6 and 8 are "plainly overly broad."[19] Besides this conclusory assertion, Enbridge does not provide any further support to show the overbreadth of Nos. 6 and 8. For this reason, the Court overrules Enbridge's overbreadth objection.

---

[17] *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (citations omitted).

[18] *See Gov't Benefits Analysis, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-CV-2558-KHV-DJW, 2012 WL 3238082, at *3 (D. Kan. Aug. 7, 2012); *see also Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (stating that a "party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad").

[19] Pls.' Resp. to Defs.' Mot. to Compel at 7, ECF No. 45.

In addressing Enbridge's relevancy objection, the Court finds Interrogatory Nos. 6 and 8 to be facially relevant and, therefore, the burden falls on Enbridge to prove their lack of relevance. Enbridge argues that Interrogatory Nos. 6 and 8 are irrelevant because the Sloans subsequently granted Enbridge survey access making any related issues moot. Enbridge also contends that the requested information is immaterial to the current action and will not allow the Sloans to reduce the damages for its alleged breach of the easement. Enbridge, however, is seeking damages for completing a pre-construction survey after the initial survey was denied by the Sloans. Any information relating to other landowners who did or did not provide survey access could reduce the amount of damages Enbridge sustained. Furthermore, the Sloans argue that Nos. 6 and 8 are discoverable because Enbridge wants to support its claim for damages on the assertion that 96% of the tracts of land did not deny Enbridge survey access. The Court agrees. If Enbridge supports its claim for damages based on the percentage of tracts of land that did not deny Enbridge survey access, then the Sloans should have access to this information. The Court finds that the issue of damages arising out the pre-construction survey is not moot and discovery relating to that issue is relevant. The Court therefore overrules Enbridge's relevancy objection. Enbridge shall respond in full to the Sloans' Interrogatory Nos. 6 and 8 within fourteen (14) days from the date of this order.

**4. Interrogatory No. 9**

Interrogatory No. 9 seeks the identification of Enbridge's shareholders, owners, or partners and their respective ownership percentage. The Sloans' Motion to Compel states that Enbridge has failed and refused to provide full and complete answers to Interrogatory No. 9. The parties, however, did not brief this issue and, therefore, the Court will assume this Interrogatory is no longer in dispute. Even if Interrogatory No. 9 is disputed, it is not relevant on its face in

light of the court's previous ruling on the Sloans' counterclaims. Accordingly, the Count denies the Sloans' Motion to Compel Interrogatory No. 9.

**5. Interrogatory No. 10**

Interrogatory No. 10 seeks information relating to the approximate amount of oil spilled from or adjacent to the Spearhead Pipeline in Kansas since acquired by Enbridge. Enbridge originally objected to Interrogatory No. 10 on grounds that it was vague, unduly burdensome, overly broad, and irrelevant.

Enbridge's response to the Sloans' Motion to Compel simply states that Interrogatory No. 10 is unduly burdensome and overly broad. Unless a request appears unduly burdensome or overly broad on its face, the burden falls on the objecting party to prove its objections.[20] When supporting its objection, a party cannot solely rely on conclusory or boilerplate statements.[21] Here, Enbridge provides only boilerplate objections that No. 10 is unduly burdensome and overly broad. The Court finds that Enbridge fails to carry its burden and overrules Enbridge's unduly burdensome and overly broad objections.

Turning to Enbridge's relevancy objection, the Court finds that Interrogatory No. 10 is not relevant on its face. The Sloans claim that this information is relevant because it may show the potential impact of Enbridge's operations on the Sloans' property if the court considers granting Enbridge any equitable relief. The Sloans, however, do not identify how another pipeline or oil spilled from such pipeline is relevant to any potential equitable relief available to Enbridge. In addition, the Sloans do not show how No. 10 is relevant for any of the parties' claims or defenses. The Court finds that the Sloans have not met their initial burden to show the

---

[20] *See Sonnino*, 221 F.R.D. at 671 n.36 (citing *Hammond v. Lowe's Home Ctrs. Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[21] *See Gov't Benefits Analysis, Inc.*, 2012 WL 3238082, at *3; *see also Gheesling*, 162 F.R.D. at 650.

relevancy of No. 10 and, therefore, sustains Enbridge's relevancy objection. Accordingly, the Sloans' Motion to Compel Interrogatory No. 10 is denied.

**6. Request No. 2**

Request No. 2 seeks documents relating to communications with Mr. Fuchs (the individual who signed Exhibit B of the Complaint and Amended Complaint with the scrivener's error) between any person or entity regarding the Sloans or any property owned by the Sloans. The Sloans argue this information "is calculated to lead to discovery of evidence behind the reasons that Mr. Fuchs did what he did and the motives of the plaintiffs in filing the suit against the Sloans."[22] In light of the court's previous ruling, this request is either moot or seeks irrelevant information. Accordingly, the Court denies the Sloans' Motion to Compel Request No. 2.

**7. Request No. 3**

Request No. 3 seeks copies of all agreements made on or after January 1, 2012, between Enbridge and any landowner of Allen County, Kansas for land to be used for the construction of the Flanagan South Pipeline or other pipelines by Enbridge. Enbridge originally objected to No. 3 on the grounds that the request is unduly burdensome, overly broad, and irrelevant.

Enbridge's response to the present Motion simply states that Request No. 3 is unduly burdensome and overly broad. Unless a request appears unduly burdensome or overly broad on its face, the burden falls on the objecting party to prove its objections.[23] When supporting its objection, a party cannot solely rely on conclusory or boilerplate statements.[24] Here, Enbridge provides only boilerplate objections that No. 3 is unduly burdensome and overly broad. The

---

[22] Defs.' Mot. to Compel at 6-7, ECF No. 37.

[23] *See Sonnino*, 221 F.R.D. at 671 n.36 (citing *Hammond*, 216 F.R.D. at 670).

[24] *See Gov't Benefits Analysis, Inc.*, 2012 WL 3238082, at *3; *see also Gheesling*, 162 F.R.D. at 650.

Court finds that Enbridge fails to carry its burden and overrules Enbridge's unduly burdensome and overly broad objections.

Turning to Enbridge's relevancy objection, Enbridge argues that other agreements with other landowners are immaterial because they are "based on different easements."[25] In addition, Enbridge contends that "[t]his is a case involving the utilization of an easement located on Defendants' property" and the "rights and duties of the parties are laid out in that easement." The Sloans argue that this request is relevant because it "will help identify persons who were not agreeing to have the Flanagan South Pipeline built on their property; potentially identify insight into the Plaintiffs' interpretation of the 'Right of Way' that is of issue in this matter; and specify the terms and amount of money that the Plaintiffs are paying for land use." The Court agrees with the Sloans that this information falls within the broad realm of discovery relevance and may lead to the discovery of admissible evidence. There currently is an issue of damages, particularly the alleged damages associated with the pre-construction survey of the Sloans' property. Any information or agreements pertaining to other landowners who have denied survey access may or may not offset the amount of any pre-construction survey damages. Further, the amount Enbridge paid to other landowners for the use of their land may or may not show that the alleged Right of Way on the Sloans' property is unenforceable. The Court finds Request No. 3 comes within the broad scope of discovery relevance and, therefore, Enbridge's relevancy objection is overruled. Enbridge shall respond in full to the Sloans' Request No. 3 within fourteen (14) days from the date of this order.

[25] Pls.' Resp. to Defs.' Mot. to Compel at 8, ECF No. 45.

**8. Request Nos. 4, 5, and 6**

Request Nos. 4, 5, and 6 seek documents pertaining to allegations in the original complaint and the amended complaint which the Sloans argue are "relevant to the Counter-claims being made by Defendants."[26] In light of the court's previous ruling, these requests are either moot or seek irrelevant information due to the doctrine of absolute privilege for statements made in a pleading. Accordingly, the Court denies the Sloans' Motion to Compel Request Nos. 4, 5, and 6.

## IV. Attorney's fees and Expenses

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel is granted in part and denied in part, as is the case here, a court may "apportion the reasonable expenses for the motion." The Court has reviewed the parties' filings and concludes that it is appropriate for the parties to bear their own expenses incurred in connection with the present Motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Interrogatory Nos. 1, 2, 3, 4, 5, 7, 9, and 10 and Request for Production of Documents Nos. 2, 4, 5, and 6 is hereby denied. The Defendants' Motion to Compel as it relates to Interrogatory Nos. 6 and 8 and Request for Production of Documents No. 3 is hereby granted. Plaintiffs shall respond in full to Interrogatory Nos. 6 and 8 and Request for Production of Documents No. 3 within fourteen (14) days from the date of this order.

---

[26] Defs.' Reply to Mot. to Compel at 8, ECF No. 46.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2013, at Topeka, Kansas.

*s/* K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge