# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CCPS TRANSPORTATION, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-2602-CM |
| | ) | |
| BYRON SLOAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants Byron Sloan and Terry Sloan's (collectively "the Sloans") Second Motion to Compel (ECF No. 63). For the reasons set forth below, the Sloans' Second Motion to Compel is hereby granted.

### I.     **Relevant Background**

Plaintiffs CCPS Transportation, LLC and Enbridge Pipelines (FSP), LLC (collectively "Enbridge") brings this lawsuit against the Sloans based on an alleged breach of an easement purportedly located on the Sloans' property in Allen County, Kansas. In February 2013, the Sloans propounded their Second Set of Interrogatories and Requests for Production on Enbridge. In response, Enbridge objected to Interrogatory Nos. 5 and 6 and Request for Production No. 2. The Sloans subsequently filed this Motion requesting the Court to compel Enbridge to respond to these disputed discovery requests.

### II.    **Procedural Conference Requirement**

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to compel. When a motion to compel is filed, it "must include a certification that the movant has in good

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[2] This District also requires the movant to "describe with particularity the steps taken by all attorneys to resolve the issues in dispute" so that the court can evaluate whether the movant made a reasonable effort to confer.[3] When determining whether the moving party has satisfied the duty to confer, the court examines the quality of the discussion(s) between the parties rather than the sheer number of contacts.[4] As explained by Judge Rushfelt:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[5]

In this case, the Sloans assert they were advised by Enbridge that Enbridge is "standing by their objections and that there is no purpose to be served in having a meeting to discuss the Plaintiff's objections."[6] Neither the Sloans nor Enbridge provided any further information that

---

[1] Fed. R. Civ. P. 37(a)(1).

[2] D. Kan. Rule 37.2.

[3] *Id.*

[4] *P.S. v. The Farm, Inc.*, No. 07–2210–JWL–DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008).

[5] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6] Defs.' Second Mot. to Compel at ¶ 5, ECF No. 63.

they met and conferred to resolve the discovery in dispute. Based on this alone, it appears that the Sloans attempted to meet and confer with Enbridge to no avail. The lack of meaningful discussion between the parties, however, demonstrates the parties' failure to comply with the procedural conference requirement. In addition, the Sloans failed to provide a separate certification outlining their additional attempts, if any, to confer with Enbridge to resolve this discovery dispute prior to court involvement. For these reasons, the Court could deny the present Motion on this basis. Nevertheless, based on the unique history of this case, the Court, in its discretion, will address the merits of the Sloans' Motion.

### III. Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable.[7] Objections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned.[8] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel will be deemed waived.[9] If, however, the discovery requests appear facially objectionable, in that they are overly broad or seek information that does not

---

[7] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[8] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005).

[9] *Id.* at 621.

3

appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[10] With this standard in mind, the Court turns to the discovery requests in dispute.

### 1. Interrogatory No. 5 and Request for Production No. 2

Interrogatory No. 5 seeks the identity of all persons who have conducted or participated in any surveys on the Sloans' property in Allen County, Kansas during the year of 2012. Along the same lines, Request for Production No. 2 seeks copies of all results or reports from any survey or study conducted by Enbridge, or anyone acting on its behalf, on the Sloans' property in Allen County, Kansas in 2012.[11] Enbridge initially objected to Interrogatory No. 5 for being irrelevant, unduly burdensome, and overly broad. Enbridge's response to this Second Motion to Compel, however, only supports its irrelevancy objection. Accordingly, the Court finds Enbridge has abandoned its unduly burdensome and overbreadth objection to Interrogatory No. 5. In addition, Enbridge objects to Request for Production No. 2 for being irrelevant.[12] Therefore, the Court will examine Enbridge's irrelevancy objection for both Interrogatory No. 5 and Request for Production No. 2.

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Relevant information does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[13] Relevancy is broadly construed at the discovery stage

---

[10] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc*., 197 F.R.D. 442, 445 (D. Kan. 2000)).

[11] The Sloans reference that any survey or study includes any archaeological survey, geographic survey, geologic survey and/or engineering surveys. Defs.' Second Set of Interrogs. & Reqs. for Produc., ECF No. 63-1.

[12] The Court notes that this objection was both initially raised by Enbridge and supported in Enbridge's response to the Sloans' Second Motion to Compel.

[13] Fed. R. Civ. P. 26(b)(1).

and any "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[14] Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries."[15] A discovery request "should be allowed 'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."[16] Additionally, "[t]here is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[17]

Relevance is often apparent on the face of the request.[18] When discovery appears relevant on its face, the opponent to the discovery request must "establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure."[19] On the other hand, when relevance is not apparent on the face of the request, the "proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the case."[20]

---

[14] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[15] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1977) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).

[16] *Sheldon*, 204 F.R.D. at 689-90 (emphasis in original) (citations omitted).

[17] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09–2656–KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[18] *Id*. at *7 (citing *Thompson,* 2007 WL 608343, at *8 n.20).

[19] *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 (citing *Scott*, 190 F.R.D. at 585).

[20] *Presbyterian Manors, Inc.*, 2010 WL 3880027, at *7.

The Court finds Interrogatory No. 5 and Request for Production No. 2 to be facially relevant and, therefore, the burden falls on Enbridge to prove their lack of relevance. Enbridge argues that the pre-construction survey conducted on the Sloans' Allen County, Kansas property is a peripheral issue in this litigation and, therefore, is not relevant. Enbridge also argues that the identification of those who conducted the pre-construction survey is a moot issue because Enbridge has recently provided the Sloans with invoices that may reveal the identities of those persons. Further, Enbridge asserts that any report stemming from the pre-construction survey does not relate to any party's claim or defense.

Enbridge, however, is seeking damages for completing a pre-construction survey. In fact, Enbridge states in its response to the present Motion that "it should be recognized that the surveys are only important as they relate to Enbridge's damages for its breach of contract claim."[21] Information and documents supporting the sum of expenses incurred from the pre-construction survey, if any, are relevant to the issue of damages. Further, the identity of people involved in the pre-construction survey, the costs each person incurred, and whether or not a survey was completed appears to be reasonably calculated to lead to the discovery of admissible evidence. Such information could allow the Sloans to determine whether the survey and/or the travel expenses were necessary for the construction of the proposed pipeline. Further, this information may or may not show the reasonableness of the costs incurred to complete the survey. The Court finds that these specific discovery requests are within the broad scope of discovery relevance and, therefore, overrules Enbridge's objection. Enbridge shall respond in full to Interrogatory No. 5 and Request for Production No. 2 within fourteen (14) days from the date of this order.

---

[21] Resp. to Defs.' Second Mot. to Compel at 2, ECF No. 66.

The Court also notes that based upon its allegations Enbridge has an obligation to provide the Sloans with certain pre-construction damages information which the Sloans claim have not been provided.[22] Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), a party must provide to the other party:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . .

In addition, a party has a duty to supplement such disclosures in a timely manner if such information has not otherwise been known to the other party during the discovery process.[23] Therefore, any information not disclosed in accordance with Fed. R. Civ. P. 26(a) by Enbridge shall be provided to the Sloans within fourteen (14) days from the date of this order.

**2. Interrogatory No. 6**

Interrogatory No. 6 seeks the identity of all persons who have not provided survey access to Enbridge as of October 9, 2012. This interrogatory is virtually identical to Interrogatory No. 6 contained in the Sloans' First Set of Interrogatories and was previously before the Court in the

---

[22] *See* Pretrial Order at 14 n.1, ECF No. 72.

[23] Fed. R. Civ. P. 26(e).

7

Sloans' First Motion to Compel.[24] The Court's May 20, 2013 Order directed Enbridge to fully respond to this interrogatory within fourteen days.[25] Therefore, for the same reasons the Court compelled Enbridge to respond to Interrogatory No. 6 of the Sloans' First Set of Interrogatories, the Court hereby grants the Sloans' Second Motion to Compel as it pertains to Interrogatory No. 6 of the Sloans' Second Set of Interrogatories.

Accordingly,

**IT IS THEREFORE ORDERED** that the Defendants' Second Motion to Compel as it pertains to Interrogatory No. 5 and 6 and Request for Production No. 2 is hereby granted. Plaintiffs shall respond in full to Interrogatory Nos. 5 and 6 and Request for Production No. 2 within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiffs shall disclose any information not previously disclosed to the Defendants in accordance with Fed. R. Civ. P. 26(a) within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[24] Defs.' First Set of Interrogs. at 4, ECF No. 37-1; Defs' First Mot. to Compel., ECF No. 37.

[25] Mem. & Order, ECF No. 71.